87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chester I. FERGUSON, III; Linda Ferguson, husband and wife,
Plaintiffs-Appellants,
v.
KIEWIT CONSTRUCTION COMPANY, a Delaware corporation,
Defendant-Appellee
 No. 94-36223.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 4, 1996.
Decided June 13, 1996.
 
 Before: BROWNING, WRIGHT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 A.
 
 2
 The district court erred by instructing the jury that Ferguson had to show his age was a "determining factor" in Kiewit's decision to terminate him and "but for" his age he would not have been discharged. The Washington Supreme Court decided during the pendency of this appeal that an identical instruction was incorrect, holding that a plaintiff need only show that "an attribute listed in RCW 49.60.180(2) was a 'substantial factor' in an employer's adverse employment decision." Mackay v. Acorn Custom Cabinetry, 898 P.2d 284, 288 (Wash.1995).
 
 
 3
 The district court also erred by instructing the jury that Ferguson had to show his duties were assumed by a younger worker in order to prevail. Ferguson does not allege that his position was eliminated as a pretext for age discrimination, but rather that because of his age he was not placed in the Seattle office to do estimating work according to Kiewit's regular practice. Under these circumstances, he need not show he was replaced by a younger worker to raise an inference of discrimination.[1] As we explained in Rose v. Wells Fargo & Co.,
 
 
 4
 When an employer reduces its work force for economic reasons, it incurs no duty to transfer the employee to another position within the company. To the extent [the employer] voluntarily assume[s] such a duty by its actions ... an inference of discrimination is raised where the terminated employee can show that others not in the protected class were treated more favorably."
 
 
 5
 902 F.2d 1417, 1422-23 (9th Cir.1990) (citations omitted); see also Branson v. Price River Coal Co., 853 F.2d 768, 771 (10th Cir.1988) (plaintiffs can show that they were merely treated less favorably than younger employees during the reduction in force); Williams v. General Motors Corp., 656 F.2d 120, 129, 130 (5th Cir.1981) (evidence that the employer "consciously refused to consider relocating plaintiff within the enterprise because of his age" can be an element of a prima facie reduction in force case).
 
 B.
 
 6
 Viewing the jury charge and the record as a whole, we hold that the errors were not harmless. See Larez v. Holcomb, 16 F.3d 1513, 1518 (9th Cir.1994).[2] Given the incorrect instructions, the jury could easily have found for Kiewit even though the jury believed age played a substantial part in Ferguson's discharge, because Ferguson did not show his age was the "but for" cause or that he was replaced by a younger worker--a result "contrary to law." See Heller v. Ebb Auto Co., 8 F.3d 1433, 1441 (9th Cir.1993) (error not harmless where jury could have found employer not liable even though employer illegally failed to accommodate employee's religious practices); Caballero v. City of Concord, 956 F.2d 204, 207 (9th Cir.1992) (error not harmless where jury could have improperly found liability without finding requisite intent). Particularly where an erroneous instruction adds an extra element to the plaintiff's burden of proof, as the "determining factor" and "younger worker" instructions did here, the nature of the instruction makes it "unlikely" that the error is harmless. Caballero, 956 F.2d at 207; Larez, 16 F.3d at 1518 ("an error in a trial court's jury instructions relating to the parties' respective burdens of proof ordinarily [requires] reversal").
 
 
 7
 There is no reason to conclude that the jury must have believed either that age was the sole factor in Kiewit's decision to terminate Ferguson or not a factor at all, and the jury's verdict therefore meant the jury thought Ferguson was terminated solely for lack of work. Cf. Larez, 16 F.3d at 1518. Neither the jury's findings nor the jury charge as a whole assures us that the errors were harmless--no instruction states the elements of the cause of action or articulates the causation standard accurately and no jury finding indicates the jury found age was less than a substantial factor in the termination decision. Cf. Id. at 517-18 (other instructions taken together expressed the proper burden of proof); Merrick v. Farmers Insurance Group, 892 F.2d 1434, 1441 (9th Cir.1990); Mangold v. California Public Utilities Comm'n., 67 F.3d 1470, 1474 (9th Cir.1995) (jury's award of liquidated damages indicated the jury had found intentional age discrimination); Begnini v. City of Hemet, 879 F.2d 473, 480 (9th Cir.1988). The absence of such assurance weighs in favor of reversal. See Caballero, 956 F.2d at 207 (error not harmless in part because nothing about the verdict indicated that the result was unaffected by the error).
 
 
 8
 The Washington Supreme Court's language in Mackay refutes Kiewit's argument that there is only a "hairsbreadth" difference between the "determining factor" and "substantial factor" standards. If the "weighty" determining factor standard is sufficiently burdensome to render the Washington's discrimination laws "hollow," while the substantial factor test is not, Mackay, 898 P.2d at 287, then the difference is significant.
 
 
 9
 We are not persuaded that the errors were harmless by the scarcity of evidence of intentional discrimination in the record as a whole. When we review for harmless error, "the prevailing party is not entitled to have disputed factual questions resolved in his favor because the jury's verdict may have resulted from a misapprehension of law rather than from factual determinations in favor of the prevailing party." Caballero, 956 F.2d at 207. By denying a directed verdict for Kiewit, the district judge determined that Ferguson's evidence was not obviously deficient, even under an erroneously stringent causation standard. Finally, the jury's five deadlocked votes before coming to a verdict indicate that the jury did not see the evidence as one-sided.
 
 II.
 
 10
 Ferguson's request for attorney's fees is premature. He has not yet prevailed on the merits of any of his claims. See Sosa v. Hiraoka, 920 F.2d 1451, 1461 (9th Cir.1990).
 
 III.
 
 11
 Because the district court's errors in instructing the jury were not harmless, we REVERSE and REMAND for a new trial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The elements of a prima facie discrimination case, including the ordinary requirement that the plaintiff was replaced by a younger worker, see Sellsted v. Washington Mutual Savings Bank, 851 P.2d 716, 719 (Wash App.1993), or, in a reduction in force case, that the plaintiff show his duties were still being performed, see Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir.1990), "are not absolutes," and the requirements are flexible. Grimwood v. University of Puget Sound, Inc., 753 P.2d 517, 519, 520 (Wash.1988); see also O'Connor v. Consolidated Coin Caterers Corporation, 116 S.Ct. 1307 (1996) (plaintiff need not show he was replaced by a worker outside the protected class to make out a prima facie case of age discrimination)
 
 
 [2]
 Because we apply federal law to determine whether instructional error results in prejudice, In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 814 (9th Cir.1992), the harmless error analysis in Mackay, supra, does not apply