**Philip CABALLERO, Plaintiff–Appellant,**

v.

**CITY OF CONCORD; Concord Police Dept.; R. Perryman; R. Maccaro, Defendants–Appellees.**

No. 90–16089.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1991.

Decided Feb. 5, 1992.

Matthew Haley, The Haley Law Offices, Oakland, Cal., for plaintiff-appellant.

Sandra Ford Mock, Sellar, Hazard, Snyder, Kelly & Fitzgerald, Walnut Creek, Cal., for defendants-appellees.

Before BOOCHEVER and NORRIS, Circuit Judges, and GILLIAM, District Judge.*

WILLIAM A. NORRIS, Circuit Judge:

Louie Philip Caballero appeals from a judgment in favor of defendant-appellee R. Perryman, a Concord, California, police officer, finding that Officer Perryman was not liable under 42 U.S.C. § 1983 for false arrest in violation of the Fourth Amendment. We hold that the district court erred in instructing the jury that Officer Perryman could be found liable only if she specifically intended to violate Caballero's constitutional rights. Because that error is not harmless, we reverse and remand for a new trial.

I

On September 7, 1988, Caballero was driving his family home from a restaurant when he was pulled over for running a red light. Caballero got out of his car and began to argue with Officer Perryman that he was not guilty of any traffic violation. After several minutes of discussion, Perryman had Caballero perform six field sobriety tests and then arrested him for driving while intoxicated. Caballero's blood alcohol content one hour and twenty-five minutes after his arrest was determined to be .05%. Caballero was never charged.

Caballero brought suit against Officer Perryman and the City of Concord. All claims were dismissed except the § 1983 false arrest claim against Perryman, which was submitted to the jury. The district court instructed the jury that Caballero was required to prove that Perryman lacked probable cause to make the arrest. The district court also instructed the jury on the defense of "qualified immunity" or "good faith." Caballero did not object to either of these instructions. However, over Caballero's objections, the district court further instructed the jury that Caballero was required to prove that Perryman specifically intended to violate his constitutional rights.[1] The jury found in favor of Perryman and this appeal followed.

---

* Honorable Earl B. Gilliam, United States District Judge for the Southern District of California, sitting by designation.

1. The specific intent instruction read to the jury was as follows (emphasis added):

   *In order to be liable to the plaintiff for constitutional violations the defendant in this case must have intended to violate the plaintiff's constitutional rights.* Mere negligence and gross negligence do not satisfy the intent standard. A person is negligent if the cost of taking precautions is less than [the benefit] expected by taking these precautions and those precautions are not taken. A person is grossly negligent if the cost of taking precautions is substantially less than the expected benefit, and those precautions are not taken. *Intent must be shown by specific intent to violate the citizen's rights.* Deliberate indifference to the plaintiff's rights is defined as an act done with complete indifference and risk. *The intent required is only met if you find the defendant specifically intended to violate the plaintiff's rights or was deliberately indifferent to those rights.* If you find that the defendant was only negligent or even grossly negligent but no more, the intent requirement is not met and you must find that the defendant is not liable to the plaintiff for violations of the plaintiff's constitutional rights.

   Caballero also objected to the trial court's follow-up instruction defining "deliberate indifference" (emphasis added):

   A person knowingly and with deliberate indifference deprives another of his or her constitutional rights when he does any of the following: Knowingly does an affirmative act or participates in an affirmative act which *he believes is likely to cause and does cause another person to be deprived of the rights guaranteed by the United States Constitution.* Or

## II

We first consider whether the district court erred in instructing the jury that, in order to prevail on his § 1983 claim for false arrest, Caballero was required to show that Officer Perryman specifically intended to deprive him of his constitutional rights. Whether a jury instruction misstates the elements that must be proved at trial is a question of law that is reviewed de novo. *United States v. Spillone*, 879 F.2d 514, 525 (9th Cir.1989), *cert. denied*, —— U.S. ——, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990).

42 U.S.C. § 1983 provides a remedy to individuals whose constitutional rights have been violated by persons acting under color of state law. *See, e.g., Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir.1988). Arrest by police officers without probable cause violates the Fourth Amendment's guarantee of security from unreasonable searches and seizures, giving rise to a claim for false arrest under § 1983. *Id.* It is well established that specific intent is not a prerequisite to liability under § 1983. *Monroe v. Pape*, 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961), *overruled on other grounds*, *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Allison v. Wilson*, 434 F.2d 646, 647 (9th Cir.1970), *cert. denied*, 404 U.S. 863, 92 S.Ct. 43, 30 L.Ed.2d 107 (1971).

Nor is specific intent required in order to establish a violation of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 397–98, 109 S.Ct. 1865, 1872–73, 104 L.Ed.2d 443 (1989). Rather, "the question is whether the officer['s] actions are 'objectively reasonable' in light of the facts and circumstances confronting [her], without regard to [her] underlying intent or motivation." *Id.* at 397, 109 S.Ct. at 1872. To paraphrase *Graham:* "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable [arrest]; nor will an officer's good intentions make an objectively unreasonable [arrest] constitutional." *Id.*

The cases cited by Perryman establish only that negligence by state officials does not violate the due process clause of the Fourteenth Amendment. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195–96, 109 S.Ct. 998, 1003–04, 103 L.Ed.2d 249 (1989) (failure to prevent child abuse by private actor); *Davidson v. Cannon*, 474 U.S. 344, 347–48, 106 S.Ct. 668, 670–71, 88 L.Ed.2d 677 (1986) (failure to take seriously report that one prisoner was threatening another); *Daniels v. Williams*, 474 U.S. 327, 332–33, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (negligently leaving pillow on stairs); *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir.1989) (negligence of probation officer in allowing guard to open prisoner's mail); *Archie v. City of Racine*, 847 F.2d 1211, 1220 (7th Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 809 (1989) (failure to provide timely rescue services). The Supreme Court has been careful to distinguish instances of negligence from situations where an official is "abusing governmental power, or employing it as an instrument of oppression," *Davidson*, 474 U.S. at 348, 106 S.Ct. at 670, and this circuit has noted that these due process cases have "little relevance to a 1983 action involving fourth amendment rights." *Borunda*, 885 F.2d at 1391.

Because neither § 1983 nor the Fourth Amendment requires specific intent, we hold that the district court's instruction to the jury was error.

## III

An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless. *Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329, 1337 (9th Cir.1985). While this stan-

---

knowingly fails to perform an act which he is legally required to perform when *he believes that his failure to act is likely to cause another person to be deprived of his constitutional rights,* and his failure to act does cause such

deprivation. Or knowingly sets in motion a series of acts by others when he believes such acts will be likely to cause the deprivation of their constitutional rights, and such acts of others do cause such deprivation.

dard of review is less stringent than review for harmless error in a criminal case, it is more stringent than review for sufficiency of the evidence, in which we view the evidence in the light most favorable to the prevailing party. *See, e.g., United States v. Adler,* 879 F.2d 491, 495 (9th Cir.1988). In reviewing a civil jury instruction for harmless error, the prevailing party is not entitled to have disputed factual questions resolved in his favor because the jury's verdict may have resulted from a misapprehension of law rather than from factual determinations in favor of the prevailing party.

We conclude that the trial court's error in instructing the jury was not harmless based on several considerations. First, we note that the nature of the instruction in this case makes it unlikely that the error would be harmless. By instructing the jury that specific intent needed to be shown, the trial court erroneously added an extra element to Caballero's burden of proof. Specific intent, moreover, is an element that is difficult to prove. A jury could easily find the elements necessary to establish liability for false arrest but not find the specific intent to violate constitutional rights.

Second, nothing about this verdict indicates that the result would have been the same without the error. Thus, this case is unlike others in which we have held that an error in instructing the jury was more probably than not harmless. *See, e.g., Benigni v. City of Hemet,* 879 F.2d 473, 480 (9th Cir.1988) (failure to instruct the jury on reasonableness was harmless because jury's award of punitive damages indicated that it found police officers' conduct to be more than unreasonable); *Cunha v. Ward Foods, Inc.,* 804 F.2d 1418, 1434 (9th Cir. 1986) (refusal to instruct jury on claim of promissory estoppel was harmless because jury found that no promise had been made in considering another claim); *see also Coursen,* 764 F.2d at 1338–39 (jury instruction giving plaintiffs burden of disproving affirmative defense was harmless because juries given same instruction in similar cases had found for plaintiffs).

Third, we do not agree with Perryman that the evidence adduced at trial clearly establishes probable cause for the arrest. Perryman relies on evidence that: (1) Caballero was stopped for running a red light; (2) Caballero admitted that he had consumed wine at the restaurant; (3) Perryman smelled alcohol on Caballero's breath and administered field sobriety tests that Caballero did not successfully complete; (4) Caballero was arrested based on his driving, his objective symptoms, and his overall performance on the sobriety tests; and (5) Caballero's urine sample, given one hour and twenty-five minutes after the traffic stop, showed a .05% blood alcohol content. However, Caballero disputes Perryman's characterization of his performance on the sobriety tests, pointing to Perryman's testimony that he passed two of the six tests. The parties also disagree about the implications of the blood alcohol test for Caballero's blood alcohol content at the time he was arrested. The reliability of testimony about Caballero's driving and other symptoms, as well as his performance on four of the six field sobriety tests, turns on credibility determinations that an appellate court is in no position to make.

Because we hold that the district court's error in instructing the jury was not harmless, we REVERSE and REMAND for a new trial.