5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ernest J. FRANCESCHI, Jr., Plaintiff-Appellant,
v.
The CITY OF SEAL BEACH; Seal Beach Police Department,
Defendants-Appellees.
 No. 92-55529.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 31, 1993.*
Decided Sept. 7, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-91-3539-SVW, Stephen V. Wilson, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before TANG, CANBY and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest Franceschi, an attorney, appeals pro se from the district court's grant of summary judgment to the City of Seal Beach, California and the Seal Beach Police Department in his action under 42 U.S.C. Sec. 1983. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. Fourth Amendment Claim
 
 3
 Because Officer Chauncey did not arrest Franceschi upon citing him, the Fourth Amendment required only that an "articulable and reasonable suspicion" exist that Franceschi was driving without a valid license. Delaware v. Prouse, 440 U.S. 648, 663 (1979). We review de novo the district court's ruling, United States v. Fouche, 776 F.2d 1398, 1402 (9th Cir.1985), and find that reasonable suspicion did exist at the time of the stop.[1]
 
 
 4
 Unlike the random, standardless spot-check pattern of stopping drivers that had occurred in Prouse, in this case Officer Chauncey was aware of articulable facts leading to a suspicion that Franceschi was driving without a valid license. Fellow Seal Beach officers who had cited Franceschi for traffic violations previously told Chauncey that Franceschi had an expired license.
 
 
 5
 Moreover, Chauncey did not stop Franceschi, whom he recognized from newspaper photographs, on the word of his colleagues alone. He radioed the California Department of Motor Vehicles to confirm that Franceschi had no valid license. Because the totality of the circumstances establish objectively the existence of reasonable suspicion, Franceschi's Fourth Amendment claim fails.
 
 
 6
 Franceschi urges, however, that the alleged quota policy or a desire to conduct a vendetta against him had been at least part of Chauncey's real reason for stopping and citing him. We need not address the claim, however, because Chauncey's subjective intent is irrelevant to the existence of reasonable suspicion. Cf. Caballero v. City of Concord, 956 F.2d 204, 206 (9th Cir.1992) ("[a]n officer's evil intentions will not make out a Fourth Amendment violation out of an objectively reasonable arrest") (citation and quotation omitted). Franceschi's reliance on United States v. Guzman, 864 F.2d 1512 (10th Cir.1988), and United States v. Neu, 879 F.2d 805 (10th Cir.1989), is misplaced because those cases address the constitutionality of pretextual stops: "when the police use a legal justification to make the stop in order to search a person or place, or to interrogate a person, for an unrelated serious crime...." Guzman, 864 F.2d at 1515; see also Neu, 879 F.2d at 807 (same).[2] Chauncey did no more than cite Franceschi for the very infraction for which he had reasonable suspicion.[3]
 
 II. Substantive Due Process
 
 7
 Franceschi maintains that the ticket quota policy, as applied to him, was a violation of his right to substantive due process without regard to the outcome of his Fourth Amendment claim. We disagree. Reasonable suspicion supported the stop and the issuance of the citation. Franceschi has not shown that the alleged policy was the cause of any constitutional injury. See Collins, 841 F.2d at 340-41. The quota policy, assuming it existed, has not caused Franceschi to be stopped or cited unconstitutionally. A traffic citation without arrest is not the type of police behavior which "shocks the conscience." Cooper v. Dupnik, 963 F.2d 1220, 1248 (9th Cir.) (en banc) (citation omitted), cert. denied, 113 S.Ct. 407 (1992).
 
 III. Remaining Claims
 
 8
 Because the alleged quota policy caused Franceschi no constitutional injury, the district court's refusal to grant partial summary judgment to Franceschi on this issue was proper. Finally, the record convinces us that Franceschi's procedural due process argument is wholly without merit. The district court grant of defendants' motion for summary judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The government suggests that we need not conduct this inquiry because Franceschi eventually pleaded guilty to the citation issued--thereby establishing, after the fact, the existence of probable cause to stop him. Justification to conduct a warrantless search or seizure, however, must be present at the time of that event. See id
 
 
 [2]
 United States v. Smith, 802 F.2d 1119 (9th Cir.1986), cited in Guzman, also addresses the specific context of an alleged pretextual stop. See id. at 1124
 
 
 [3]
 Moreover, the vendetta claim fails for a wholly independent reason: Chauncey's personal feelings toward Franceschi, whatever they may be, are not a governmental policy or custom for which these defendants can be held liable under section 1983. See Collins v. City of San Diego, 841 F.2d 337, 341 (1988) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978))