34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Lee Adam MIKEL, Defendant-Appellant.
 No. 93-10666.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 10, 1994.*
Decided Aug. 12, 1994.
 
 1
 Before: NORRIS, THOMPSON, and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Lee Adam Mikel was convicted in 1992 of Aggravated Murder, 9 Guam Code Ann. ("G.C.A.") Sec. 16.30(a)(2) (1987), First Degree Robbery, 9 G.C.A. Sec. 40.10 (1987), and the use of a deadly weapon in the commission of a felony, 9 G.C.A. Sec. 80.37. Mikel was sentenced to life imprisonment without the possibility of parole. On appeal to the United States District Court in the District of Guam, Mikel made the following two arguments: 1) that the trial court committed harmful error in instructing the jury with the California Jury Instruction, CALJIC 8.21, on felony murder, which does not require proof of a defendant's mental state, and in permitting the prosecution to argue felony murder in its closing argument despite defense counsel's objections that felony murder misstated the law of Guam; and 2) that Mikel was denied his Sixth Amendment right to a public trial as a result of the design of the courtroom, which prevented all jurors from being seen by spectators at the same time. The district court held that the trial court had committed error by issuing the felony murder instruction and in allowing the prosecution to argue felony murder, but that the errors were harmless. Additionally, the district court held that the defendant's Sixth Amendment rights had not been violated. Defendant now appeals. We have jurisdiction pursuant to 48 U.S.C. Sec. 1424-3(c). We affirm.
 
 
 4
 * We review whether a jury instruction misstates the law de novo. Caballero v. Concord, 956 F.2d 204, 206 (9th Cir.1992). The trial court in this case gave the jury the California Jury Instruction, CALJIC 8.21, on felony murder. It instructed the jury as follows: "Felony Murder Rule. The unlawful killing of a human being, whether intentional or accidental which occurs in the commission or attempted commission of the crime of robbery is aggravated murder when the perpetrator had the specific intent to commit such a crime." Because the felony murder rule allows the killing to be accidental, it removes mens rea as a necessary element of the crime.
 
 
 5
 The felony murder rule in Guam, however, was explicitly abolished by the Guam legislature in 1977. Guam's aggravated murder statute defines aggravated murder as a kind of "criminal homicide." 9 G.C.A. Sec. 16.30(a)(2) (1987). "Criminal homicide" requires one of five mental states: 1) intentionally and with premeditation, 2) intentionally, 3) knowingly, 4) recklessly, or 5) by criminal negligence. 9 G.C.A. Sec. 16.20. This statutory language indicates that a mens rea of at least criminal negligence must be found with respect to aggravated murder in Guam.
 
 
 6
 The felony murder rule taken from the California jury instructions does not represent the law of Guam. It was clear error for the trial court to use the California jury instruction on felony murder. Likewise, it was clear error for the trial court to allow the prosecution to argue felony murder in his closing argument over the correct objections of the defense counsel.
 
 
 7
 We require reversal if "there is a reasonable probability that the error materially affected the verdict." United States v. Rubio-Villareal, 967 F.2d 294, 296 n. 3 (9th Cir.1992) (en banc) (citations omitted). In this case, the jury also convicted the defendant of first degree robbery, which in Guam requires that the defendant "attempts to kill another; or intentionally inflicts or attempts to inflict serious bodily injury upon another." 9 G.C.A. Sec. 40.10 (1987). By finding the defendant guilty of first degree robbery, the jury necessarily found that the defendant attempted to kill, inflicted serious bodily injury, or attempted to inflict serious bodily injury upon the victim. The intent to inflict serious bodily injury upon someone requires at least a reckless or criminally negligent mental state. That intent therefore satisfies the mens rea necessary for a conviction of aggravated murder under the Guam statute. Because the jury found the defendant guilty of first degree robbery, there is no reasonable probability that the trial court's errors materially affected the jury's verdict on aggravated murder. The errors were harmless.
 
 II
 
 8
 Every criminal defendant has a Sixth Amendment right to a public trial. But a criminal defendant has no Sixth Amendment right to have every juror in his trial observed by every spectator. The structure of the Guam Superior Court courtroom allows for the jury as a whole to be scrutinized for misconduct by the judge, the attorneys, and other court officials. It also allows most spectators to observe most of the jurors. The district court reasoned that the defendant's right to a public trial was guaranteed by opening the trial to interested members of the public. We agree. That the Guam courts were entirely open for public attendance satisfies the defendant's Sixth Amendment right to a public trial. See Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606 (1982) (framing the Sixth Amendment right to a public trial in terms of public access); Gannett Co. v. DePasquale, 443 U.S. 368, 383 (1979) (framing the Sixth Amendment right to a public trial in terms of the openness in court proceedings).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3