36 F.3d 1102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth D. FIELDS; James W. Gossett, III; James C. Bowman,
Jr.; Herbert Fields; Donald G. Dougherty, Jr.; Daniel
McGaw; Mark Hanko; Matthew Trank; Charles Donaldson; Amy
Okuma; Michael Jones; Jack Welkley; and Scott Holt,
Plaintiffs-Counter-Defendants-Appellants,
v.
AUTOMATIC DATA PROCESSING, INC., a Delaware corporation,
Defendant-Counter-Claimant-Appellee.
 No. 93-15554.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1994.*
Decided Sept. 1, 1994.
 
 Before: FERNANDEZ, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The parties are familiar with the facts, so we need not recite them here. Appellants contend the district court erroneously instructed the jury on the required proof of a contractual breach of the implied covenant of good faith and fair dealing. The record reveals that the case was tried on the theory that the conduct of ADP was conscious and deliberate, and this ADP did not deny. Both parties submitted jury instructions to this effect. The court ultimately gave an instruction that was closer to ADP's version than appellants' version, adding the obverse thought that conscious and deliberate conduct cannot be merely the result of honest mistake, bad judgment or negligence.
 
 
 3
 Appellants apparently submitted their proposed breach of the covenant jury instruction listing the element of "conscious and deliberate act or acts" in light of the district court's earlier indication that it might base an instruction on the "conscious and deliberate act" language of Careau & Co. v. Security Pac. Business Credit, Inc., 272 Cal.Rptr. 387, 399-400 (Cal.Ct.App.1990), However, the case upon which appellants rely on appeal, Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 826 P.2d 710, 727 (Cal.1992) ("the covenant of good faith can be breached for objectively unreasonable conduct, regardless of the actor's motive") had been decided on March 30, 1992, prior to the initial conference on jury instructions. The case was never cited to the court, nor did appellants submit a proposed alternative instruction based on Carma.
 
 
 4
 In light of the theory upon which the appellants tried this case to the jury, their requested jury instruction regarding conscious and deliberate conduct, coupled with the failure to propose alternative language based on Carma, we conclude that they have waived the specific jury instruction argument they make on appeal. Their conduct was a form of invited error. See United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991).
 
 
 5
 Furthermore, this alleged error in instructing the jury was harmless. See Caballero v. Concord, 956 F.2d 204, 206-07 (9th Cir.1992). It appears that the verdict would have been the same without the alleged error. As the district court observed in denying the motion for a new trial:
 
 
 6
 [P]laintiffs seek to blame the adverse verdict on these rulings of which they complain. The court notes that there were substantial gaps and inconsistencies in plaintiffs' testimony, particularly that of Fields and Gossett. The fact of the matter is that their testimony was unpersuasive and failed to carry their burden.
 
 
 7
 Nothing compelled the giving of a "duty of utmost good faith" instruction in this case. See Nelson v. Abraham, 177 P.2d 931 (Cal.1947). The district court is vested with wide discretion to tailor the jury instructions, Oviatt v. Pearce, 954 F.2d 1470, 1481 (9th Cir.1992), and there was no abuse of discretion in refusing this instruction.
 
 
 8
 The district court properly dismissed the breach of fiduciary duty claim. This claim was grounded in the allegation that the relationship created by the stock purchase agreement was a joint venture. However, the evidence did not demonstrate the existence of a joint venture under California law. There was no evidence that the parties intended to create a joint venture, and the requisite right to joint control was absent. See April Enters., Inc. v. KTTV and Metromedia, Inc., 195 Cal.Rptr. 421, 427 (Cal.Ct.App.1983). Unlike April Enters., the evidence in this case is not in dispute as to the existence or nonexistence of a joint venture, and summary judgment was entirely proper. Compare id. at 428; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-52 (1986).
 
 
 9
 We find no abuse of discretion in the district court's exclusion of evidence of the amount of ADP's revenues and profits in Audatex. We agree with ADP that the court's exclusion of the specific dollar figures was harmless as well as correct.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3