103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phillip LONG; Mary Long; Elizabeth Long, Plaintiffs-Appellants,
v.
COUNTY OF LOS ANGELES; Sherman Block, Sheriff; A.E.
Garcia; Unknown California; Unknown Price; J.
Jones; Unknown Coleman, Defendants-Appellees.
 No. 95-56047.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Phillip and Mary Long appeal pro se the district court's summary judgment dismissal of their 42 U.S.C. § 1983 action alleging that the County of Los Angeles, Sheriff Sherman Block, and several County of Los Angeles sheriff's deputies violated their constitutional rights. The Longs alleged that their constitutional rights were violated on October 27, 1993, when they were arrested for felony child endangerment and for obstructing, delaying and resisting the execution of the deputies' duties.[1] We review de novo the district court's grant of summary judgment. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.
 
 
 3
 "Arrest by police officers without probable cause violates the Fourth Amendment's guarantee of security from unreasonable searches and seizures, giving rise to a claim for false arrest under § 1983." Caballero v. City of Concord, 956 F.2d 204, 206 (9th Cir.1992).
 
 
 4
 With respect to Phillip Long, the record is unclear whether probable cause existed for the deputies to arrest him as a result of his refusal to allow the deputies entry into his home to investigate an anonymous report of child abuse. Phillip Long's declaration further provides that no exigent circumstances existed at the time deputies initially arrived at the Longs' home that would lead the deputies to believe a child was in danger. With respect to Mary Long, whether probable cause existed to arrest her is also at issue for the same reasons. In addition, Mary Long's declaration states that she did not interfere with the entry of the deputies into her home after she was served with the search warrant. Accordingly, we reverse the district court's summary judgment on these issues and remand for trial. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
 
 
 5
 Concerning the liability of the County of Los Angeles, in order to state a claim against a municipality under section 1983, a plaintiff must demonstrate a direct causal link between a municipal policy or custom and the alleged constitutional violation. See City of Canton v. Harris, 489 U.S. 378, 385 (1989). The policy or custom must be a deliberate or conscious choice by a municipality's final policy-making official, see Penbaur v. City of Cincinnati, 475 U.S. 469, 483 (1986), and cannot be imposed via respondeat superior. See Harris, 489 U.S. at 385. In opposing summary judgment, the Longs failed to set forth sufficient facts to support their claim of municipal liability. See id. Accordingly, the district court properly granted summary judgment for the County of Los Angeles. See id.
 
 
 6
 Each side to bear costs.
 
 
 7
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The deputies were investigating a report of alleged child abuse based on an anonymous phone tip. The charges against the Longs were subsequently dismissed