119 F.3d 5
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dolores ALVAREZ, Frank Alvarez, Christina Alvarez,
Plaintiffs-Appellants,
v.
CITY OF WESTMORLAND and Lloyd Running, in both his personal
and official capacities, and Does 1 through 200,
inclusive, Defendants-Appellees.
 No. 96-55431.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1997.
Decided July 21, 1997.
 
 1
 Appeal from the Decision of the United States District Court for the Southern District of California, No. 96-55431; Irma E. Gonzalez, District Judge.
 
 
 2
 Before: CANBY and THOMAS, Circuit Judges, and KING,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Dolores, Frank, and Christina Alvarez appeal the district court's ruling that the Alvarezes' constitutional and state tort rights were not violated by police officer Lloyd Running and the City of Westmorland. By special verdict, the jury found that Officer Running did not use excessive force in shooting and killing Joe Alvarez while responding to a disturbance at the Alvarezes' home. Judgment was entered on November 28, 1995. The Alvarezes served their motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure, on December 12, 1995, and filed it on December 22, 1995. The Alvarezes filed notice of the present appeal on March 14, 1996. Officer Running and the City contest the timeliness as well as the merits of this appeal. We have jurisdiction under 28 U.S.C. 1291, and affirm on the merits.
 
 BACKGROUND
 
 5
 The parties are familiar with the facts and we repeat them throughout this memorandum only as necessary.
 
 DISCUSSION
 A. Timeliness of Appeal
 
 6
 The timeliness of the Alvarezes' appeal centers on a rule change to the filing of Rule 59 motions, which tolls the appeal period under Rule 4(a)(1) of the Federal Rules of Appellate Procedure. In 1995, the old Rule 59(b) was amended from requiring that motions for new trials be filed within a "reasonable time" to the present ten-day rule. In amending the Federal Rules, the Supreme Court ordered that the new Rule 59 "shall take effect on December 1, 1995, and shall govern all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings in civil cases then pending." Order of April 27, 1995, Rules of Civil Procedure, FEDERAL CIVIL JUDICIAL PROCEDURE AND RULES 38 (1997). The Alvarezes' case was such a pending proceeding when judgment was entered in their case on November 28, 1995, two days prior to the rule change. We find that the proximity of the rule change to the judgment in this case, the district court's own unawareness of the rule change, and most importantly, the Alvarezes' need for closure in a case in which they lost a husband and father, make it unjust and impracticable for this court not to address the merits.
 
 B. Rulings at Issue
 
 7
 The Alvarezes appeal eighteen different district court rulings in discovery, in evidentiary rulings, and in jury instructions. While we feel that Joe Alvarezes' death was needless, we cannot find reversible error in any of the court's rulings.
 
 1. Discovery Rulings
 
 8
 We review a district court's rulings concerning discovery for abuse of discretion. Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1469 (9th Cir.1992) (citing Ah Moo v. A.G. Becker Paribas, 857 F.2d 615, 619 (9th Cir.1988); see also Stitt v. Williams, 919 F.2d 516, 526 (9th Cir.1990) (deciding denial of Rule 56(f) discovery motion under abuse of discretion standard). The Alvarezes contest the magistrate judge's discovery ruling disallowing Officer Running's police employment file while he was an officer for the City of Beaumont. The file sets forth, inter alia, evidence that Officer Running filed an inaccurate police report, was involved in a prior internal affairs investigation, and used "rude verbal language" during an arrest.
 
 
 9
 First, the Alvarezes claim that the inaccurate police filing was relevant to Officer Running's credibility, and they should have been able to obtain that evidence as such. The magistrate judge found the inaccurate report irrelevant because the Alvarezes' claim that Officer Running had falsified reports in the present case was previously dismissed. While an arguably inaccurate filing might go to a witness' credibility, denying the evidence did not constitute an abuse of discretion.
 
 
 10
 Second, the Alvarezes claim that Officer Running's involvement in an internal affairs investigation and use of "rude verbal language" during an arrest goes to the City's poor hiring practices and is relevant to the City's Monell liability under Monell v. New York City Dept. of Social Serv., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Under Monell and its progeny, a city may be held liable if it authorizes the use of constitutionally excessive force. If, however, it is found that no person has suffered a constitutional injury, as it was in this case, the claim against the city is moot. City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986); Forrester v. City of San Diego, 25 F.3d 804, 808, cert. denied, 115 S.Ct. 1104, 130 L.Ed.2d 1070 (1995). Therefore, any discovery ruling that thwarted support of the Alvarezes' Monell claim is moot.
 
 
 11
 Finally, the Alvarezes claim that Officer Running's use of "rude verbal language" is relevant to his use of excessive force because he could not talk the Alvarezes out of their dispute. It does not necessarily follow that being polite prevents fights in explosive situations. The magistrate judge correctly found that using rude language was irrelevant to the alleged use of excessive force. Therefore, we find it was not an abuse of discretion for the district court not to allow discovery of Officer Running's prior employment file.
 
 2. Evidentiary Rulings
 
 12
 A trial court has broad discretion to admit or exclude evidence, and we review such decisions only for an abuse of that discretion. In re Aircrash in Bali, 871 F.2d 812, 816 (9th Cir.1989) (citation omitted). Reversal is appropriate only if the error affected the substantial rights of the parties. Id. The Alvarezes contend that the following evidence was improperly admitted during trial: (1) Officer Running's understanding that he would be prosecuted if he failed to make a private person arrest for anyone, including Fina; (2) the fight between Fina and Christina, including the fact that Frank said "let them fight," and that Frank was immature; and (3) the fact that Deputy Moreno drove to the Alvarezes' house because he recognized their address over the police radio.
 
 
 13
 The Alvarezes argue that Officer Running's understanding that he should make an arrest for Fina was irrelevant and should have been excluded under Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Here, while Officer Running's understanding of private person arrests may shed some light on the tenseness and uncertainty of the situation, it probably should have been excluded under Graham. We cannot find, however, that excluding that information would have affected the jury's deliberations.
 
 
 14
 The Alvarezes contend that evidence of the fight and Deputy Moreno's knowledge of the Alvarezes defamed them and misled the jury into believing the Alvarez family was dysfunctional. The district court ruled that the probative value of the evidence outweighed the prejudicial effect because it provided background, "set the stage" for Officer Running's arrival, and because the jury would want to know what had occurred. During trial, this evidence in fact came out as a precursor to the officers' arrival on the scene. Therefore, we conclude that it was not an abuse of the court's discretion to admit the information.
 
 
 15
 The Alvarezes further contend that the following evidence was improperly excluded during trial: (1) Fina's character; (2) Officer Running's knowledge of Fina; (3) Officer Running's alleged post-shooting review of the police manual; and (4) Deputy Moreno's testimony that he advised Officer Running to get medical assistance. At trial, the Alvarezes tried to show that Officer Running knew Fina, that she was not a credible person, that her character for truthfulness was bad, and that she had a tendency to lie. Fina's reputation to Officer Running was apparently based on her false claim that she was going out with some of Westmorland's police officers. On cross-examination of Officer Running, the Alvarezes tried to establish that Officer Running had "prior knowledge ... that [Fina] had a tendency to lie." The district court properly denied the offer because it was hearsay.
 
 
 16
 The Alvarezes also wanted to show that Officer Running lied about not recognizing Fina in a statement given the night of the shooting and later in his deposition. The court sustained a relevance objection to the following question: "In fact, the reason that you denied knowing who [Fina] was immediately upon arriving at the scene was because you did not want to be portrayed as insisting on speaking to someone that you knew had a tendency to lie when the real victim, Christina Alvarez, was outside the residence, isn't that correct?" The court properly ruled this question as irrelevant. The Alvarezes had already impeached Officer Running about inconsistencies in his testimony regarding when he recognized Fina, which the court did allow.
 
 
 17
 The Alvarezes' theory about the shooting was that Officer Running lied, then attempted to conform his testimony to the physical evidence and to his alleged later-acquired understanding of what he had to have done to justify the shooting. The Alvarezes attempted to admit evidence showing that Officer Running had taken the police manual home the day of the shooting. The district court ruled such evidence irrelevant. The Alvarezes concede this matter to be "a relatively small point in this case." Even if we found such evidence relevant, which we do not, disallowing it cannot be said to have affected the substantial rights of the parties.
 
 
 18
 At trial, to show that Officer Running was not concerned about Joe's medical condition, the Alvarezes introduced evidence that Officer Running never told anyone he shot Joe. Officer Running claimed he did. To impeach Officer Running, the Alvarezes tried to introduce testimony by a deputy who allegedly told Officer Running to put out a broadcast notifying others that the suspect had a gunshot wound but that Officer Running did not respond by saying he had already done so. The fact that Officer Running did not respond by saying "I already did," however, does not show that he did not already do it, that he was not concerned about Joe's medical condition, or that he "had panicked and was out-of-control," as the Alvarezes allege. The district court properly disallowed the evidence on hearsay and relevance grounds. We conclude that none of the evidentiary rulings merit reversal.
 
 3. Jury Instructions
 
 19
 We review jury instructions to determine whether, "taken as a whole, they mislead the jury or state the law incorrectly to the prejudice of the objecting party." City of Long Beach v. Standard Oil of California, 46 F.3d 929, 933 (9th Cir.1995) (quoting Reed v. Hoy, 909 F.2d 324, 326 (9th Cir.1989)). In deciding whether the jury was misled, the guidance to the jury provided by the verdict form is considered. In re Aircrash, 871 F.2d at 814. The formulation of the instruction is then reviewed for an abuse of discretion. Reed, 909 F.2d at 326. If the instructions are challenged as a misstatement of the law they are reviewed de novo. Standard Oil, 46 F.3d at 933 (citing Caballero v. City of Concord, 956 F.2d 204, 206 (9th Cir.1992)). An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless. Caballero, 956 F.2d at 206 (citing Coursen v. A.H. Robins Co., Inc., 764 F.2d 1329, 1337 (9th Cir.1985)).
 
 
 20
 In the present case, we find that the jury instructions considered together did not prejudice the Alvarezes by misleading the jury or misstating the law. The Alvarezes contend that the jury should have been instructed under the "objective reasonableness" standard under Graham v. Conner, for all of their claims against Officer Running and the City. 490 U.S. at 396-97; 109 S.Ct. at 1872. In fact, the district court did apply the Graham standard to the Alvarezes claims of excessive force and so instructed the jury of the "objective reasonableness" standard:
 
 
 21
 [Y]ou are instructed that every person has the right not to be subjected to unreasonable or excessive force. Whether or not the force used was unnecessary, unreasonable, or violent, is an issue to be determined by you in the light of all the surrounding circumstances on the basis of that degree of force a reasonable and prudent officer would have applied under the circumstances confronting the officer at the time. The fact that an officer used physical force in conformity with his training is not evidence that the use of physical force is objectively reasonable. The test is whether the officer's conduct was objectively reasonable as defined in these instructions, and not whether the officer acted in conformity with his training.
 
 
 22
 (emphasis added).
 
 
 23
 The special verdict form for Dolores and Frank Alvarez' Fourteenth Amendment claim read: "Did Plaintiffs Frank Alvarez and Dolores Alvarez prove by a preponderance of the evidence that Defendant Officer Lloyd Running used excessive force by shooting Joe Alvarez?" The jury checked "No." Thus, the jury did not even reach the second question which read: " 'Did Plaintiffs Frank Alvarez and Dolores Alvarez prove by a preponderance of the evidence that Defendant Officer Lloyd Running acted recklessly or with deliberate indifference to their rights of familial relationship and society by using excessive force against Joe Alvarez?" We find that the verdict form questions were adequately differentiated and the jury's finding sufficient.
 
 
 24
 The district court applied the Graham standard to excessive force used against Joe under the Fourth Amendment, but not to the Alvarezes' rights to recover for loss of familial relationship and society under the Fourteenth Amendment. The Alvarezes claim it was error for the district court to find that Graham did not apply to survivor claims under § 1983 and that something more than "objective reasonableness" was necessary to succeed on a "third-person" Fourteenth Amendment claim for loss of familial relationship and society, rather than a "first-person" Fourth Amendment claim for use of excessive force.[1] This contention, however, is moot. Since the jury found that Officer Running did not use excessive force under the objective reasonableness standard even against Joe, the Alvarezes' derivative claims cannot survive. Accordingly, even if the district court may have erred by using a substantive due process standard in its instructions elsewhere, the error was not prejudicial.
 
 
 25
 The Alvarezes next contend the district court erred in denying the following proposed instructions with regard to the Alvarezes' attempt to show that it was unreasonable for Officer Running to have shot Joe: (1) "[i]n determining the reasonableness of the officer's use of force, you may consider whether or not alternative courses of action were available to the officer," (2) "[t]he police should give a warning before force is used against a person, if feasible," and (3) the standards for using deadly force under both federal and California law.
 
 
 26
 The reasonableness standard of Graham includes the Alvarezes' objections under state law.
 
 
 27
 The test of "reasonableness" is not capable of precise definition or mechanical application (citation omitted), however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.
 
 
 28
 Graham, 490 U.S. at 396; 109 S.Ct. at 1872. Therefore, it was not an abuse of discretion for the court to deny the suggested instructions of the plaintiffs, particularly in light of the objective reasonableness instruction that had already been given. Moreover, the Alvarezes fail to explain how they were prejudiced by the court's omission of specifications of a standard that, according to the Supreme Court, eludes specification.
 
 
 29
 The Alvarezes contend that the burden of proving self-defense should have been placed on Officer Running because Officer Running cited it as his nineteenth affirmative defense. The proper inquiry, however, is not whether Officer Running acted in self-defense, but whether he acted reasonably. Ouintanilla v. City of Downey, 84 F.3d 353 (9th Cir.1996), cert. denied, 117 S.Ct. 972, 136 L.Ed.2d 856 (1997). In Ouintanilla, the court disposed of the issue in a footnote: "Plaintiff also argues that the district court erroneously refused to instruct the jury with regards to self-defense. We summarily dispose of this contention because it has no basis in the law, and is therefore without merit." 84 F.3d 353 n. 1. We follow the court's decision in Ouintanilla.
 
 
 30
 The Alvarezes also claim that Officer Running had no right to enter the Alvarezes' household and so the trial court should have allowed instructions that would: (1) place the burden of proving the lawfulness of entry on Officer Running; and (2) inform the jury that there were no exigent circumstances justifying entry. It is true that the burden of justifying a search generally falls on the government. United States v. Carbajal, 956 F.2d 924, 930 (9th Cir.1992). In determining whether exigent circumstances justify an exception to the general rule requiring a search warrant, the burden rests on the government to show that the warrantless entry was "imperative." United States v. Tarazon, 989 F.2d 1045, 1049 (9th Cir.), cert. denied, 510 U.S. 853, 114 S.Ct. 155, 126 L.Ed.2d 116 (1993). Here, however, the Alvarezes are contending that the issue should not even have gone to the jury. We disagree. Evidence was presented at trial on both sides of the issue, i.e., Fina was not bleeding when Officer Running saw her go into the house, but Fina was also inside the house calling for Officer Running. Therefore, it was not error for the district judge to let the jury decide while placing the burden on Officer Running.
 
 
 31
 Next, the Alvarezes contend that the district judge improperly denied the Alvarezes' request for jury instructions containing a definition of domestic violence under California Penal Code § 13700 and explaining that the fight between Christina and Fina was not domestic violence. Nothing in the trial implied that the Alvarezes committed a crime under California law or any other law. Despite the Alvarezes' claim that this omission was extremely prejudicial because it came "on the heels of the most publicized alleged domestic violence case ever--the Brentwood murders of Nicole Brown Simpson and Ronald Goldman--the refusal to instruct had to have been detrimental to plaintiffs' cause," there is nothing to show that the jury was affected by the Simpson case. We find no error in the district court's denial of this instruction. This is a case about the possible violation of the Alvarezes' constitutional rights by the state, not the Alvarezes' infringement of any state law. Such an instruction might have been misleading and confusing to the jury.
 
 
 32
 The district court also denied instructions that under California law, "[a]ny necessary force may be used to protect from wrongful injury the person or property of oneself, or of a wife, husband, child, parent, or other relative, or member of one's family," and that a "homeowner may use reasonable force to evict the police officer who entered the home in violation of law." Contrary to the Alvarezes' contention, self-help in resisting arrest under all circumstances is not endorsed under California law. See Evans v. Bakersfield, 22 Cal.App. 4th 321, 326, 27 Cal.Rptr.2d 406, 408-09 (1994) (striking "Coffey instruction" which stated "every person is permitted to use reasonable force to resist an unlawful detention or unlawful search ..."). Here, the district court in fact instructed the jury that a person may use reasonable force in self defense against the excessive force of a police officer. We find that instruction to be adequate.
 
 
 33
 The Alvarezes next appeal the court's refusal to instruct the jury on their state law wrongful death cause of action because the Alvarezes failed to specify that claim during the pretrial conference. The Alvarezes contend that the following issue in their pretrial statement covered the wrongful death cause of action: "Did any defendant violate any of the plaintiffs' alleged state law rights?" Permitting a general catch-all phrase to preserve all conceivable state law claims would frustrate the purpose of the pretrial statement because defendants would have no reasonable notice of the claim. See McGonigle v. Combs, 968 F.2d 810, 818-19 (9th Cir.) (upholding trial court's decision to disallow plaintiffs from admitting evidence on claim not specified in their pretrial list two weeks into trial), cert. dismissed sub nom., 506 U.S. 948, 113 S.Ct. 399, 121 L.Ed.2d 325 (1992).
 
 
 34
 Finally, the Alvarezes claim that the district court's denial of the Alvarezes' motion to amend the pretrial order was a miscarriage of justice. District courts may amend pretrial orders only if: (1) no substantial injury will be occasioned to the opposing party, (2) refusal to allow the amendment might result in injustice to the movant, and (3) the inconvenience to the court is slight. Amarel v. Connell, 102 F.3d 1494, 1515 (9th Cir.1996) (citing Campbell Industries v. M/V Gemini, 619 F.2d 24, 27-28 (9th Cir.1980)). Here, in the end stages of the trial, during the hearing on jury instructions, the Alvarezes managed to surprise not only Officer Running, but the district judge as well. After hearing both sides, the court was persuaded that Officer Running would have put on a different case had he known about the claim from the beginning, and therefore rejected the offered instruction on wrongful death. The case might be different if the Alvarezes had specifically preserved their wrongful death claim. Clearly, the district judge properly prevented the Alvarezes from raising this claim at the end of trial. Therefore, we find no error in this decision.
 
 CONCLUSION
 
 35
 This court finds that the Alvarezes received a full and fair trial. The jury squarely decided that Officer Running did not use excessive force. We have jurisdiction and we affirm.
 
 
 36
 AFFIRMED.
 
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Alvarezes contend that the judge essentially confused the law by creating a standard dependent upon whether a survivor creates an estate for the deceased. This contention has no place in this argument. The distinction turns on whether one is asserting one's own rights or someone else's, not whether an estate is involved