**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EUGENE GENCHEV,

Plaintiff - Appellant,

v.

DETROIT DIESEL CORPORATION,

Defendant - Appellee.

No. 13-56025

D.C. No. 3:08-cv-01021-JAH-NLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted June 5, 2015[**]
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and LEFKOW,[***] Senior
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Joan Humphrey Lefkow, Senior District Judge for the
U.S. District Court for the Northern District of Illinois, sitting by designation.

Eugene Genchev appeals the district court's judgment following a jury trial. Genchev claims that the district court erred in failing to give a jury instruction that would have allowed the jury to award consequential damages under California Commercial Code § 2719(2) if it found that Detroit Diesel Corporation's express warranties had failed their essential purpose. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"Harmless error review applies to jury instructions in civil cases." *Kennedy v. S. Cal. Edison Co.*, 268 F.3d 763, 770 (9th Cir. 2001) (citing *Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992) ("An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless.")).

Genchev argues that the district court erred in finding that the California Commercial Code did not apply to the transaction between Genchev and Detroit Diesel. However, we need not reach this argument as the failure to give this jury instruction, even if error, was harmless error as the jury ultimately found that Detroit Diesel had not breached its express warranties.

The requested jury instruction would have allowed the jury to award consequential damages if they found that Detroit Diesel's express warranties had failed their essential purpose. "If the remedy promised by the seller is so hollow or ineffectual as to be meaningless, then the warranty fails of its essential purpose and

2

the customer is not bound by limitations of remedy contained therein." *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 970 (N. Dist. Cal. 2014) (internal citation and quotation marks ommited); *accord Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 707 (9th Cir. 1990); *Fiorito Bros., Inc. v. Fruehauf Corp.*, 747 F.2d 1309, 1312 (9th Cir. 1984).

The jury found that Detroit Diesel did not breach its express warranties, which according to the language of the warranties means that Detroit Diesel "correct[ed] any malfunction occurring during the WARRANTY PERIOD resulting from defects in material or workmanship." In light of this finding, it would have been impossible for the jury to also find that the warranties failed their essential purpose – which was to correct malfunctions. Thus, even if the district court erred in not giving the requested jury instruction, this error was harmless as the jury found that Detroit Diesel did not breach its express warranties and thus would not have found that Detroit Diesel's express warranties failed their essential purpose. *See, e.g.*, *Cunha v. Ward Foods, Inc.*, 804 F.2d 1418, 1434 (9th Cir. 1986) (refusal to instruct jury on claim of promissory estoppel was harmless because jury found that no promise had been made in considering another claim).

**AFFIRMED.**