NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 10 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENE BOLDUC, "Sonny", | No.   14-35485 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00816-PA |
| v. | |
| ICWUSA.COM, INC., DBA ICW International, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted March 8, 2017[**]
Portland, Oregon

Before:  O'SCANNLAIN, FISHER, and FRIEDLAND, Circuit Judges.

In May 2013, Rene "Sonny" Bolduc sued ICWUSA.COM, Inc.

("ICWUSA") alleging, among other things, a hostile work environment in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of Title VII of the Civil Rights Act and retaliation for filing a workers' compensation claim. The case proceeded to trial, and a jury found the company not liable on all claims. Bolduc then moved for judgment as a matter of law or for a new trial. The district court denied these motions. Bolduc timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bolduc makes three arguments on appeal. First, Bolduc contends that the district court erred by only including a question about workers' compensation retaliation through termination—and not also retaliation through demotion—on the jury verdict form. Bolduc does not, however, object to the jury instructions on appeal. Accordingly, Bolduc has waived any objection to the instructions that he might have had. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) (holding that appellants waived an argument by failing to raise it in their opening brief). The workers' compensation question on the verdict form was consistent with the jury instructions. But the wording that Bolduc argues should have been used on the verdict form would have conflicted with the jury instructions. Therefore, once the jury instructions are taken as given, the court did not err in drafting the verdict form. *See United States v. 20832 Big Rock Dr.*, 51 F.3d 1402, 1408 (9th Cir. 1995) (explaining the "broad discretion" that district courts have in creating the verdict form). The weight of the evidence and the verdict also indicate that the jury would have been unlikely to find that ICWUSA

2

demoted Bolduc because he filed a workers' compensation claim, suggesting that even if the court did err in drafting the verdict form, any error was harmless. *See Swinton v. Potomac Corp.*, 270 F.3d 794, 805 (9th Cir. 2001) ("An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless." (quoting *Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992))).

Second, Bolduc argues that the district court applied the wrong causation standard in the workers' compensation question on the jury verdict form by using the "but for" standard instead of the "substantial factor" standard. The district court instructed the jury on the substantial factor standard in accordance with the Oregon Uniform Civil Jury Instructions. *See* Oregon UCJI 58.01 (stating that, to recover for such a claim, the employee must prove that the employee's invocation of the workers' compensation system was a "substantial factor" in the employer's decision to take adverse action against the employee). When the jury verdict form is read together with the jury instructions, the verdict form properly encompasses the substantial factor test. Even if Bolduc is correct that the verdict form employs the but for test, such a construction is not necessarily incorrect. *See* Oregon UCJI 59A.03 Comment ("The Oregon Court of Appeals has occasionally described the [substantial factor] standard as a 'but for' test." (quoting *Hardie v. Legacy Health*

3

*Sys.*, 6 P.3d 531, 537-38 (Or. Ct. App. 2000))). Accordingly, the district court did not apply the wrong causation standard in the jury verdict form.

Third, Bolduc argues that the district court erred in denying his motions for judgment as a matter of law and for a new trial on the hostile work environment claim. A motion for judgment as a matter of law should be granted when "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2005). A denial of a motion for a new trial should be reversed "only if the record contains no evidence in support of the verdict." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 786 F.2d 1342, 1347 (9th Cir. 1985)).

After examining the evidence presented at trial, we conclude that, although evidence was presented that would have supported finding for Bolduc on the hostile work environment claim, there was also evidence to support finding for ICWUSA. Several witnesses testified that the conduct at issue did not amount to harassment but instead consisted of jokes and horseplay. In addition, a psychiatrist testified that Bolduc's emotional difficulties were a result of his job loss, not of harassment that allegedly occurred while he worked at ICWUSA. Moreover, ICWUSA presented evidence—such as the fact that Bolduc overstated his qualifications on his resume and concealed his health conditions from his

4

employer—that could have caused the jury to disbelieve Bolduc's version of events. The evidence permitted more than one reasonable conclusion, and the district court therefore did not err in denying the motion for judgment as a matter of law. Similarly, because the record contains evidence to support the jury's verdict, the district court did not err in denying the motion for a new trial.

For the foregoing reasons, we AFFIRM.