NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERESA AGUIRRE, | No. 19-16687 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-05564-HSG |
| v. | MEMORANDUM* |
| STATE OF CALIFORNIA; et al., | |
| Defendant-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam Jr., District Judge, Presiding

Submitted January 11, 2021**
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and WHALEY***, District Judge.

Teresa Aguirre appeals the district court's judgment in favor of Appellees,

California Employment Development Department ("EDD") and its managers,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert H. Whaley, United States District Judge of the United States District Court for the Eastern District of Washington, sitting by designation.

Debra Mills and Carianne Huss, after a jury trial on Aguirre's claims of interference with protected leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the California Family Rights Act ("CFRA"), Cal. Gov't Code § 12945.2.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

Aguirre's arguments were raised in her post-verdict motion for renewed judgment as a matter of law ("JMOL").  As such, we review the district court's order denying Aguirre's motion for renewed JMOL de novo and for substantial evidence.  *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014).  A renewed motion for JMOL is properly denied unless "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict."  *Id.* (citation omitted).[2]

---

[1] "This court has previously concluded that identical standards apply to the FMLA and to the CFRA . . . . We will therefore refer to all [claims] as arising under the FMLA." *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014) (internal citations omitted).

[2] There is an open question as to whether *Escriba*'s review of summary judgment remains good law.  *See Williams v. Gaye*, 895 F.3d 1106, 1122 (9th Cir. 2018).  Nonetheless, *Escriba* applied the same standard of review for legal errors at summary judgment and post-verdict JMOL.  *See Escriba*, 743 F.3d at 1242–45.  Because Aguirre re-raised her summary judgment arguments in her post-verdict JMOL motion and we affirm the district court's denial of JMOL, we need not address the validity of *Escriba*'s review of summary judgment nor separately discuss the denial of summary judgment below.

Under the FMLA, it is "unlawful for any employer to interfere with . . . any right provided" for in the statute, 29 U.S.C. § 2615(a)(1), or implementing regulations, 29 C.F.R. § 825.220(b). The question is whether Appellees interfered with Aguirre's FMLA rights by "den[ying] h[er] FMLA benefits to which [s]he was entitled." *Escriba*, 743 F.3d at 1243 (citation omitted). The answer is no.

1. Appellees did not interfere with Aguirre's FMLA rights when they asked her to report to work in Marysville by 12:30 p.m. The FMLA does not entitle employees to "any right, benefit, or position" they would not be entitled to had they not taken leave. 29 U.S.C. § 2614(a)(3)(B). The location change was not interference because it restored Aguirre to her original work location in Marysville. Aguirre, however, argues that the combined change in work location and start time resulted in physical impossibility amounting to FMLA interference as a matter of law. But the question of FMLA interference presented a factual dispute for the jury. And substantial evidence supports the jury's finding that there was no FMLA interference resulting from the change. Appellees granted Aguirre's requested FMLA leave (to be absent from work in the morning) and told Aguirre she would have to return to the Marysville office. But knowing that, Aguirre insisted she could start at noon, thus imposing the physical impossibility upon herself. Aguirre even testified that she did not seek to adjust her leave schedule after she was told to report to Marysville. If Aguirre wanted a later start time or wanted whole-day

3

leave, she could have asked for it.  Had EDD made that decision for her or unilaterally imposed a later start time, it would have risked engaging in FMLA interference "for forcing FMLA leave on the unwilling employee." *Escriba*, 743 F.3d at 1244; *see also* 29 C.F.R. § 825.311(c).

2.  Aguirre also argues Appellees interfered with her FMLA rights because they failed to designate and notify her that her travel time was FMLA-protected. But even assuming Aguirre's travel time was FMLA-protected, there was no FMLA interference because Appellees did not need to designate or notify that the travel time was protected.  The employer is responsible for designating "leave" as FMLA-protected and must notify the employee of this designation "[w]hen the employer has enough information to determine whether the leave is being taken for a FMLA-qualifying reason[.]"  29 C.F.R. § 825.300(d)(1).  But here, there was no travel-time-related leave "being taken" or even requested for Appellees to designate.  *See id.*  The travel to Marysville never made Aguirre late or absent. And Aguirre even indicated she did not want to take additional leave for the travel time by stating she could start work at 12:00 p.m. despite knowing she would have a two-hour commute after her morning FMLA leave.  Nor did Aguirre retract her proposed start time after Appellees properly "inquire[d] further" to see if she wanted to take additional FMLA leave.  *See* 29 C.F.R. § 825.302(c).  Because there was no indication that Aguirre wanted leave for her travel time, Appellees

4

had no duty to designate or notify that the travel time was protected and thus did not interfere with Aguirre's FMLA rights when they failed to do so. Similarly, even if the district court erred by omitting Aguirre's jury instruction that the travel time was FMLA-protected, the omission was "more probably than not harmless" because the jury would likely still have found no FMLA interference were it given the instruction. *See Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992).

3. Appellees did not interfere with Aguirre's FMLA rights by inquiring about alternate caregivers. There is no basis for Aguirre's argument that Appellees are legally precluded from inquiring about alternate care once certification established that her leave was for a FMLA-protected purpose. Rather, the relevant question is whether Appellees' inquiries into alternate care amounted to discouragement such that Appellees interfered with Aguirre's FMLA rights. 29 C.F.R. § 825.220(b). Substantial evidence supports the jury's finding that Appellees' alternate care inquiries neither interfered with nor discouraged Aguirre from using her FMLA leave. For instance, Aguirre could have interpreted the comments as efforts to help a longtime co-worker and friend explore her options.

**AFFIRMED.**